**In The United States District Court for the**
**Middle District of Alabama**
**at Montgomery**

RECEIVED

2006 MAY -8  A 9: 33

U.S. DISTRICT COURT

Anne Marie Hunter                                    )
22725 W. 73rd Street                                 )
Shawnee, KS 66227,                                   )
                                                     )
                              Plaintiff,             )
                                                     )        2:06CV 411 - A
vs.                                                  )
                                                     )        **Demand for Jury Trial**
Dürr Systems, Inc.                                   )
40600 Plymouth Road                                  )
Plymouth, Michigan   48170-4297,                     )
                                                     )
(**Serve**:                                          )
                                                     )
        The Corporation Company                      )
        2000 Interstate Park Drive, Suite 204        )
        Montgomery, Alabama   36109)                 )
                                                     )
                              Defendant.             )

**Complaint and Demand for Jury Trial**

COMES NOW Plaintiff Anne Marie Hunter and for her cause of action against

Defendant states:

1.      Plaintiff Hunter is and at all relevant times has been a citizen and resident of

Johnson County, Kansas, residing at the address set forth in the caption.

2.      Defendant is and at all relevant times has been a corporation organized and

existing under the laws of the State of Michigan, with its principal place of business in a

State other than the State of Kansas.

3.    There is complete diversity of citizenship between the Plaintiff (who is a citizen and resident of the State of Kansas) and Defendant (who is a citizen and resident of the State of Michigan) and, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332.

4.    The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

5.    This cause of action arises out of injuries sustained by Plaintiff in an accident that occurred in Montgomery, Alabama. Accordingly, this Court has proper venue of this action. 28 U.S.C. Sec. 1391.

6.    On or about January 26, 2005, at or about 10:30 a.m., Plaintiff, at the request of Defendant, was taking photographs of a robotic paint booth at the Hyundai Motors Plant, 700 Hyundai Boulevard, Montgomery, Alabama 36105 and, as part of photo shoot, was given access to a grated walkway that was located above the aforesaid booth. Plaintiff, while carrying her photography equipment, walked along the grated walkway when she fell into a void caused by Defendant having recently removed two grates, without advising or warning Plaintiff, thereby causing Plaintiff to sustain the following injuries and damages:

(a)    Her right forearm, wrist, hand, fingers, and thumb, and the bones, muscles, tendons, ligaments, discs, nerves, and tissues thereof were strained, sprained, stretched, torn, bruised, contused, and otherwise made sore and lame;

(b)    Fractured vertebrae;

2

(c)     Fractured ribs;

(d)     Fractured right elbow;

(e)     Flexor carpi radialis tunnel syndrome on the right;

(f)     Complex regional pain syndrome to the right arm, wrist, hand, fingers, and thumb;

(g)     Loss of use and mobility of the right forearm, wrist, hand, fingers, and thumb;

(h)     Loss of strength of the right forearm, wrist, hand, fingers, and thumb;

(i)     Discoloration and disfigurement of the right forearm, wrist, hand, fingers, and thumb;

(j)     Constant and disabling pain of the right forearm, wrist, hand, fingers, and thumb;

(k)     Atrophy of the muscles and tissues of the right arm, wrist, hand, fingers, and thumb;

(l)     Nerve damage, shooting pains, loss of control, and spasms of the nerves, muscles, and tissues of the right arm, wrist, hand, fingers, and thumb;

(m)     She has been required to seek the care and attention of doctors, hospitals, nurses, physical therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure and relieve herself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith;

3

(n)     She has had to undergo medical and rehabilitative surgery and treatment;

(o)     She has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries;

(p)     She has lost time from work and sustained a loss of wages; and

(q)     She can no longer pursue her career as a photographer and will be required to search for a different line of work in an effort to earn and living and be self-supporting.

7.     At the time and place of Plaintiff's aforesaid injury, there were two grates that had been removed by Defendant from the grated walkway and, as a result, the grated walkway was not reasonably safe.

8.     Defendant Dürr Systems, Inc. knew or by using ordinary care could have known of this condition. In fact, Defendant Dürr Systems, Inc. created this condition.

9.     Defendant Dürr Systems, Inc. failed to use ordinary care to remove the aforesaid dangerous condition.

10.     Defendant Dürr Systems, Inc. failed to use ordinary care to barricade the aforesaid dangerous condition.

11.     Defendant Dürr Systems, Inc. failed to use ordinary care to warn of the aforesaid dangerous condition.

4

12.    As the direct and proximate result of, and as the reasonably foreseeable consequence of, Defendant Dürr Systems, Inc.'s aforesaid failures to use ordinary care, Plaintiff suffered and sustained, and will continue to suffer and sustain, the injuries and damages set forth above.

13.    The injuries and damages set forth above are permanent and progressive in nature.

WHEREFORE, Plaintiff Anne Marie Hunter prays judgment against Defendant Dürr Systems, Inc. in the sum of Five Million Dollars ($5,000,000.00) as and for compensatory damages, together with her costs herein incurred and expended.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial for all issues raised in this Complaint.

HANKINS & CONKLIN, P.C.

Thomas E. Hankins - KS # 70250; MO #26005
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone:  (816) 436-3100
FAX:  (816) 436-8643

**Attorney For Plaintiff**

5