IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
AT MONTGOMERY

| | |
|---|---|
| ANNE MARIE HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06CV411-SRW |
| | ) |
| DURR SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW the Defendant, Durr Systems, Inc., and in response to Plaintiff's Complaint, states the following:

1. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint, but is of the belief that the Plaintiff is currently a resident of the state of Kansas.

2. Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the Plaintiff alleges that this cause of action arises out of injuries she sustained in an accident that occurred in Montgomery, Alabama, thereby making venue proper in this Court, as set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it requested the Plaintiff to do a photo-shoot and that the Plaintiff was escorted out to the facility being photographed and denies the remainder of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

That on the occasion complained of, Plaintiff's relationship to this Defendant was that of an independent contractor performing services as a photographer for which she was subsequently paid.

### SECOND AFFIRMATIVE DEFENSE

As an independent contractor, Plaintiff had a duty to keep a lookout and perform the work for which she was paid in a safe manner.

### THIRD AFFIRMATIVE DEFENSE

That as an independent contractor, Plaintiff assumed all normal or ordinary risks attendant upon the use of the premises where her accident occurred, and that her failure to

exercise normal and ordinary care resulted in her conduct which proximately caused her own injuries and damages.

## FOURTH AFFIRMATIVE DEFENSE

That as an independent contractor, the Plaintiff was therefore negligent by not acting in a reasonably prudent manner, thereby causing her own injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

That the condition complained of in Plaintiff's Complaint and alleged to have caused Plaintiff's injuries and damages was open and obvious, known, or in the exercise of reasonable care, should have been known and/or observed by the Plaintiff. That Plaintiff's failure to do what a reasonably prudent independent contractor would have done under the same or similar circumstances proximately cause her own injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

That Plaintiff controlled the manner and method in which she went about doing her work pursuant to contract with this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

That Defendant denies that it had any duty or breached any duty that would subject it to liability.

## EIGHTH AFFIRMATIVE DEFENSE

That Defendant denies that its conduct proximately caused Plaintiff's own injuries and damages.

s/ James B. Carlson<br>
James B. Carlson (CARL7129)<br>
Kimberly T. Thomason (THOM0054)<br>
Attorneys for Defendant,<br>
Durr Systems, Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   (205) 930-5100
Fax:   (205) 930-0101

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas E. Hankins, Esq.
Hankins & Conklin, P.C.
Suite 5
6812 North Oak Trafficway
Gladstone, Missouri 64118-2587

s/ James B. Carlson
James B. Carlson (CARL7129)