IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
AT MONTGOMERY

| | | |
|---|---|---|
| ANNE MARIE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CV411-SRW |
| | ) | |
| DURR SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S
## REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Durr Systems, Inc. (*hereinafter "Durr"*) propounds the following Requests for Production to Plaintiff in accordance with Federal Rule of Civil Procedure 34:

## DEFINITIONS

1. **"You"** or **"Your "** means Plaintiff and all agents, representatives and other persons acting on behalf of or representing Plaintiff.

2. **"Document"** or **"records"** means any written or graphic matter, including, but not limited to, books, papers, documents, contracts, memoranda, letters, reports, receipts, minutes of meetings, drafts, checks, written statements, affidavits, transcripts, diaries, summaries, examinations, investigations, interviews, reports of examinations, accounts, accountings, books of account, worksheets,

notes, writing of any kind, copies of any of the foregoing, and also meaning any information which is stored or carried electronically on computer equipment, tape recorder or otherwise.

      3.      **"Communication"** means writing, telephone conversations and oral conversations.

      4.      "Identify":

      a.      When used in reference to an individual, means to state his full name, if known, his present or last known position and business affiliation, and his residential address.

      b.      When used in reference to a corporation, firm or other entity, means to state its full name, form of organization (if known), and its present or last known address.

      c.      When used in reference to a document or books or records, means to state the type of document (e.g., letter, memorandum, telegram, chart, contract, prospectus, newspaper article, or the like) or some other means of identification, its author or authors, addressee or addressees, its date, its subject, its present location by address and its custodian. If such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

      d.    When used in reference to a telephone conversation, means to state the full name (if known), business affiliation and business address at the time, present or last known position and residential address of each party to the telephone conversation, the location of each such party at the time the telephone conversation took place, which of the parties to the telephone conversation initiated the telephone call and when such telephone conversation took place.

      e.    When used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name (if known) and the present or last known position, business affiliation and residential address of each party to such conversation.

## **INSTRUCTIONS**

      1.    For each document identified herein or referred to in your answers to these interrogatories which is asserted to be privileged or otherwise excludable from discovery, state the basis for each such claim of privilege or the ground of exclusion.

      2.    For each document identified herein or otherwise referred to in your answers to these requests which is no longer in existence, please state how

such document passed out of existence and identify each person having knowledge concerning its disposition.

3. Unless otherwise specified, each request for production herein relates to, covers and requests information for any and all periods prior to the date answers are filed and requires a continuing answer.

4. As specified by the Federal Rules of Civil Procedure, these requests for production shall be deemed to be continuing so as to require supplemental answers, and each supplemental answer required to maintain the accuracy and completeness of Plaintiff's answers shall be served upon counsel for Durr at reasonable intervals.

5. With respect to any document requested herein that Plaintiff withhold from production on the ground of privilege, Plaintiff's response should set forth an identification of each such document, specifying its author and addressee(s), the person(s) to whom copies were furnished, its date, its subject matter and the basis of Plaintiff's claim of privilege.

## REQUESTS FOR PRODUCTION

1. Produce a copy of the index cards/photographs which Plaintiff referenced on page 96 of her deposition of the new process Durr has where the bodies go in a 360 degree rotation for one of their coats.

2. Produce the first page of the two page letter Plaintiff wrote to Jim VanValkenburg which she references on pages 213 and 214 of her deposition.

3. Produce a copy of any and all correspondence between Plaintiff and Durr or its agents, employees, or representatives. This request includes correspondence that Plaintiff received from Durr or its agents, employees, or representatives, as well as correspondence Plaintiff has sent to them.

 

_/s/ James B. Carlson_
James B. Carlson (CAR056)
Christopher A. Bottcher (BOT003)
Kimberly T. Thomason (THO186)
Attorneys for Defendant,
Durr Systems, Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-0101

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this the 14th day of November, 2006, as follows:

      Thomas E. Hankins, Esq.
      Hankins & Conklin, P.C.
      Suite 5
      6812 North Oak Trafficway
      Gladstone, Missouri 64118-2587

_____
Of Counsel