IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
AT MONTGOMERY

| | | |
|---|---|---|
| ANNE MARIE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CV411-SRW |
| | ) | |
| DURR SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF THOSE PERSONS WHO MAY BE USED AT TRIAL TO PRESENT EVIDENCE UNDER RULES 701, 702, 703, OR 705 OF THE FEDERAL RULES OF EVIDENCE**

Durr Systems, Inc. (*hereinafter "Durr"*) moves this Court to strike Plaintiff's disclosure of those persons who may used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence. In support of this motion, Durr states as follows:

1. This Court's August 14, 2006 Uniform Scheduling Order specifically requires the parties to comply with Rule 26(a)(2) with regard to the disclosure of expert testimony. That rule requires parties to produce reports ". . . with respect to a witness that is retained or specially employed to provide expert testimony in the case. . . ." F.R.Civ.P. 26(a)(2)(B). These reports ". . . shall contain a complete statement of all opinions to be expressed and the basis and

reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinion; the qualification of the witness, including a list of all publications authored by the witness within the preceding ten (10) years; the compensation to be paid for this study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Id.

    2.    Plaintiff's disclosure identifies numerous healthcare professionals who will be providing expert testimony, but does not include a single report from any of these experts. Failing to produce these reports is contrary to the letter and spirit of the rules and this Court's Order. This Court should compel Plaintiff to produce a report from each and every expert who will be testifying at trial in accordance with this Court's Uniform Scheduling Order and the Federal Rules of Civil Procedure.

    3.    Plaintiffs have also improperly identified witnesses with broad categories such as "healthcare professionals at Baptist Medical Center South"; "healthcare professionals at Montgomery Radiology Associates, P.A."; "physical therapists at Mid-America Rehabilitation Hospital"; "personnel employed by Shawnee Mission Medical Center"; "EMPI;" "Hangar Prosethics and Orthotics"; and "healthcare professionals of Shawnee Mission Medical Center-Therapy

Plus/Sports Care". A true and correct copy of Plaintiff's Disclosure is attached as Exhibit "A".

4. With designations this vague and broad, Durr cannot reasonably be expected to identify witnesses from whom it may want to take discovery or obtain a statement.

WHEREFORE, Durr Systems, Inc. moves this Court to enter an Order striking Plaintiff's Disclosure of Those Persons Who May Be Used at Trial to Present Evidence Under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence for failing to comply with this Court's Uniform Scheduling Order and Federal Rule of Civil Procedure 26, or, in the alternative, directing Plaintiff to identify each expert witness she intends to call at trial, and directing her to produce a report in accordance with Federal Rules of Civil Procedure 26(a)(2)(B).

_/s/_
James B. Carlson (CAR056)
Christopher A. Bottcher (BOT003)
Kimberly T. Thomason (THO186)
Attorneys for Defendant,
Durr Systems, Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-0101

## CERTIFICATE OF SERVICE

I hereby certify that on November 14th, 2006, I mailed via United States Mail and also electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Thomas E. Hankins, Esq.
>Hankins & Conklin, P.C.
>Suite 5
>6812 North Oak Trafficway
>Gladstone, Missouri 64118-2587

*/s/*
_____
Of Counsel