**In the United States District Court for the
Middle District of Alabama
at Montgomery**

| | |
|---|---|
| Anne Marie Hunter | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  2:06-CV-00411-WHA-SRW |
| | ) |
| Dürr Systems, Inc. | ) |
| | ) |
| Defendant. | ) |

**Plaintiff's Suggestions in Opposition to Defendant's Motion to Strike Plaintiff's Disclosure of Those Persons Who May Be Used at Trial to Present Evidence Under Rules 701, 702, <u>703, or 705 of the Federal Rules of Evidence</u>**

COMES NOW Plaintiff and for her Suggestion in Opposition state:

1. Plaintiff has required extensive medical treatment as the result of the injuries that she sustained in the accident which is the subject of this lawsuit.

2. Her primary health care providers, and what they will testify to, are as follows:

**Brian Divelbiss, M.D.
Dickson Diveley Midwest Orthopaedic Clinic
3651 College Boulevard
Leawood, Kansas 66211
Patient Account 203268**

Plaintiff was seen by Dr. Brian Divelbiss at Dickson-Diveley Midwest Orthopaedic Clinic and the health care professionals at that facility, including Dr. Divelbiss, can testify as to the matters set forth in the medical records from that facility, said medical records having previously been provided to defense counsel and page numbered as pages 1-14.  They can also testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for their services and the services of other health care professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit.  Dr. Divelbiss can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

Dr. Divelbiss performed the March 2, 2005 surgery (open reduction and internal fixation of right scaphoid). **See** Operative Report set forth at pages 10-13 and pages 28-29 of the medical records that have previously been provided to defense counsel.

**Dr. Louise Kaine**
**Sunflower Medical Group**
**5555 W. 58th Street**
**Mission, Kansas 66202-1999**
**Patient Account :**

Plaintiff was seen by Dr. Kaine at the Sunflower Medical Group on April 11, 2005, May 9, 2005, May 12, 2005and June 20, 2005.  Dr. Kaine and the health care professionals at Sunflower Medical Group can testify as to the matters set forth in the medical records from that facility, said medical records having previously been provided to defense counsel and page numbered as pages 40-52.  They can also testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for their services and the services of other health care professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit.

Dr. Kaine can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

Dr. Kaine can also testify that because of the rib fractures that Plaintiff sustained in the accident which is the subject of this lawsuit, Plaintiff was unable to breathe deeply and properly and, as a result, developed pneumonia.

**Howard A. Aks, M.D.**
**Pain Management Associates**
**A Division of Anesthesia Associates of Kansas City**
**Menorah Medial Center**
**5721 W. 119th Street**
**Overland Park, Kansas 66209**
**Pain Clinic Telephone: 913.498.6124**
**Pain Clinic Fax: 913.498.6122**

Dr. Aks administered a stellate ganglion block to Plaintiff (**see** page 334 of the medical records that have previously been provided to defense counsel) and can testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for their services and the services of other health care

professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit.

Dr. Aks can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

**Lynn Ketchum, M.D.**
**5701 W. 119th Street, Suite 215**
**Overland Park, Kansas 66209**
**Tele: 913.451.8567**

Dr. Ketchum performed the following surgery on Plaintiff on October 21, 2005: Release of right flexor carpi radialis tunnel, right. This surgery was performed at the Surgicenter of Johnson County. **See** Report of Operation at pages 262-263 of the medical records that have previously been provided to defense counsel.

Dr. Ketchum can testify as to the matters set forth in the medical records from his office, said medical records having previously been provided to defense counsel and page numbered as pages 272-299. He can also testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for his services and the services of other health care professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit.

Dr. Ketchum can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

**Dr. Andrew Jacobs**
**800 W. 47th Street, Suite 514**
**Kansas City, Missouri 64112**
**Tele: 816-561-5556**

Dr. Jacobs is a psychologist who has seen Plaintiff for the mental and emotional anguish she has experienced due to the pain she has suffered and continues to suffer as the result of the injuries she sustained in the accident that is the subject of this lawsuit. Dr. Jacobs can also testify as to the severity of the impact that Plaintiff's injuries have had (and will continue to have) on her profession and on her life.

**Su Lynn Hanson**
**14126 Slater**
**Shawnee Mission, Kansas 66221**
**Tele: 913-530-3773**

Ms. Hanson is a hand therapist who has treated Plaintiff's injuries. She can testify as to the nature and extent of Plaintiff's injuries and as to the treatment that she has rendered to Plaintiff as Plaintiff's hand therapist.

**Douglas Cusick, M.D.**
**4601 College Blvd.**
**Shawnee Mission, Kansas 66211**
**913-661-0202**

Plaintiff was seen by Dr. J. Douglas Cusick, M.D. Dr. Cusick, can testify as to the matters set forth in the medical records from that facility, said medical records being attached hereto at pages 376-386. He can also testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for their services and the services of other health care professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit. Dr. Cusick can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

Dr. Cusick performed the August 14, 2005 surgery (first dorsal compartment release, first dorsal compartment synovectomy, synovectomy of the second dorsal compartment, second dorsal compartment release, and radial nerve dissection). **See** Operative Report set forth at pages 381 of the medical records which were previously provided to defense counsel.

**Vito J. Carabetta, M.D.**
**407 South Clairborne Road, Suite 106**
**Olathe, Kansas   66062**
**Tele: 913.829.2525**
**Fax Number 913.829.1748**

Dr. Carabetta performed an electrodiagnostic study of Plaintiff on August 2, 2006 and can testify as to the matters set forth in his report, attached hereto at pages 382-383. He can also testify as to the injuries suffered by Plaintiff, the fact that those injuries resulted from the accident which is the subject of this lawsuit, and as to the reasonableness of the bill Plaintiff received for their services and the services of other health care professionals and health care facilities and as to the fact that these bills were for treatment that was necessary to treat injuries that Plaintiff sustained in the accident that is the subject of this lawsuit. Dr. Carabetta can also testify that the injuries that Plaintiff sustained in the accident which is the subject of this lawsuit has made it impossible for Plaintiff to pursue her career as an industrial photographer.

3. Many of the other witnesses listed are lay persons who will be called upon to testify as to their observations regarding the problems and limitations Plaintiff has experienced since her injury. Because there is a possibility that Defendant may believe that some of their testimony falls within the realm of lay opinion, Plaintiff listed them in her Disclosure.

4. Because every one of the health care providers listed are treating physicians and treating health care providers, there is no requirement that Plaintiff provide Defendant with a report, a listing of publications, etc. As stated in the Advisory Committee Notes accompanying the 1993 Amendments to Rule 26:

> "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

**See Bowman v. Morgan**, (S.D.Ala. 2006).

And, as stated by the Court in **Williams v. Asplundh Tree Expert Co.**, (M.D. Fla., October 6, 2006), at pages 13 -15:

> "After Williams suffered a workplace injury, Dr. Umesh Mhatre performed a psychological evaluation of Williams at the behest of Asplundh's workers' compensation carrier. Asplundh argues that Dr. Mhatre cannot testify as an expert because Williams did not provide Asplundh with Dr. Mhatre's opinion as required by Federal Rule of Civil Procedure 26(a)(2). (Doc. # 44, at 13.) Asplundh also argues that Dr. Mhatre cannot testify as a treating physician because he examined Williams only once, and only at the direction of Asplundh's workers' compensation carrier. Williams argues that Dr. Mhatre was not a retained expert, and that he should be allowed to testify 'as to his observations and diagnosis of [Williams'] condition as well as his medical belief as to the cause of that condition.' Id. at 15. Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to disclose in advance of trial the written report prepared by that party's expert 'with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.' Fed.R.Civ.P. 26(a)(2)(B). Williams represented that 'counsel did not enter into any fee agreement with Dr. Mhatre, informally consult with him or otherwise retain Dr. Mhatre after the commencement of this lawsuit for the purpose of providing opinion testimony.'

(Doc. # 53, at 14.) **Physicians who are not retained to provide expert testimony do not come under this rule. Fed.R.Civ.P. 26 advisory committee's note ('The requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony in the case. . . . A treating physician, for example, can be . . . called to testify at trial without any requirement for a report.'**). In Green v. Office of the Sheriff's Office, No. 3:99-CV-658, 2002 U.S. Dist. LEXIS 26485 (M.D. Fla. Nov. 4, 2002), the Court stated, 'the key to the treating physician's being excused from the report requirement is that she testify only as to observations made during the care and treatment of the party.' Id. at 17 (citing Patel v. Gayes, 984 F.2d 214, 218 (7th Cir. 1993)). In Rogers v. Detroit Edison Co., 328 F. Supp. 2d 687 (E.D. Mich. 2004), the Court stated, 'a majority of courts hold that a Rule 26(a)(2)(B) report is not required from a treating physician unless the physician will testify to matters learned outside the scope of treatment.' Id. at 689. It is clear that Rule 26(a)(2) distinguishes between retained and non-retained experts. The cases interpreting the rule distinguish between facts a physician learned while performing the duties of a physician, and facts a physician learned while performing the duties of an expert witness. **Consequently, the Court determines that Williams' failure to include a Rule 26(a)(2)(B) report in his expert witness disclosure does not bar Dr. Mhatre from testifying.**" [emphasis added]

5.      Defendant also complains that the identity of some of the health care providers is unduly vague. While Plaintiff has identified with particularity each and every one of her treating physicians she expects to testify, she has had such brief exposure to some of her health care providers (e.g., those who saw her in the Emergency Room in Alabama) that she is unable to identify certain of her health care providers with any more particularity than what is already set forth in her Disclosures. Further, Plaintiff has provided defense counsel with a complete copy of her medical records, from which the details of the treatment rendered to Plaintiff can be obtained.

WHEREFORE, Plaintiff prays the order of the Court denying Defendant's Motion to Strike Plaintiff's Disclosure of Those Persons Who May Be Used at Trial to Present Evidence Under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence.

HANKINS & CONKLIN, P.C.

 /s/ Thomas E. Hankins
Thomas E. Hankins - MO #26005
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone: (816) 436-3100
Fax No. (816) 436-8643
E-Mail: tomhankinslaw@cs.com
**Attorneys for Plaintiff**

**Certificate of Service**

  I hereby certify that a true and accurate copy of the above and foregoing document (Plaintiff's Suggestions in Opposition to Defendant's Motion to Strike Plaintiff's Disclosure of Those Persons Who May Be Used at Trial to Present Evidence Under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence) was transmitted by fax this 14th day of November, 2006 to Mr. James B. Carlson, Sirote & Permutt, P.C., Fax Number (205) 930-5101, Attorneys for Defendant.  I further state that I also electronically filed the foreoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Mr. James B. Carlson
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, Alabama  35255-5727

 /s/ Thomas E. Hankins
Thomas E. Hankins
Attorney for Plaintiff