IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
AT MONTGOMERY

| | |
|---|---|
| ANNE MARIE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06CV411-SRW |
| ) | |
| DURR SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S SUGGESTION IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF THOSE PERSONS WHO MAY BE USED AT TRIAL TO PRESENT EVIDENCE RULE 701, 702, 703 OR 705 OF THE FEDERAL RULES OF EVIDENCE**

Durr Systems, Inc. (*hereinafter "Durr"*) replies to Plaintiff's Opposition to its Motion to Strike as follows:

1. Plaintiff cites Williams v. Asplund Tree Expert Co., 2006 WL 2868923 (M.D. Fla.) in support of her position that it is not necessary to provide expert reports for the treating physicians identified in her Disclosure. Specifically, the quote Plaintiff includes in her opposition states that the party in Williams had not entered into any fee agreement with the physician at issue in that case and that the physician would only testify as to observations made during the care and treatment of the party.

2. Unlike the plaintiff in the <u>Williams</u> case, Plaintiff has not affirmatively stated to this Court that she did not, and will not, enter into any fee agreement with the physicians she has identified as potential witnesses in this case.

3. In addition, Plaintiff has expressly stated that the following doctors will render the opinion that Plaintiff cannot continue to work as an industrial photographer as result of her injury:

    a. Dr. Divelbiss;

    b. Dr. Kaine;

    c. Dr. Aks;

    d. Dr. Ketchum;

    e. Dr. Cusick; and

    f. Dr. Carabatta.

4. Plaintiff has also expressly stated that Dr. Jacobs will testify that Plaintiff's injuries have had a negative impact on her profession, and will continue to adversely impact her profession in the future.

5. Plaintiff's medical records do not indicate that any of these doctors has performed testing to determine Plaintiff's functional capacities, and there is no evidence suggesting that these physicians have knowledge or experience in the area of industrial photography that would enable them to render such opinions.

6.      The opinions Plaintiff represents that each of these physicians will render, are not reasonably based on their observations made during Plaintiff's care and treatment. Williams, 2006 WL 2868923 at 17.

7.      Therefore, this testimony constitutes expert testimony within the scope of Federal Rule of Civil Procedure 26(b)(2) and this Court's Order, and Plaintiff must produce an expert report for each of these physicians and any other medical witness who is going to render similar opinions.

8.      Plaintiff also alleges that her production of medical records to Durr is sufficient notice of her intent to call witnesses to present evidence to satisfy Rule 26(b)(2) and this Court's Uniform Scheduling Order. However, the clear intent of this Court's Order is to provide each of the parties with notice of who will be testifying at trial so that each party can adequately prepare. Plaintiff's medical records contain references to dozens of medical personnel who could potentially testify. It would be unduly burdensome, time consuming, and expensive to require Durr to conduct discovery as to each of these potential witnesses when Plaintiff can easily disclose those she intends to call to testify at trial. (See Fed.R.Civ.P. 1 *"These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."*).

WHEREFORE, Durr Systems, Inc. respectfully requests this Court to enter an Order compelling Plaintiff to provide an expert report for each and every

one of the medical experts she intends to call as witnesses at trial to render expert opinions and to identify with particularity each and every witness she intends to call to testify at trial in accordance with this Court's Uniform Scheduling Order and the Federal Rules of Civil Procedure.

   /s/Christopher A. Bottcher
James B. Carlson (CAR056)
Christopher A. Bottcher (BOT003)
Kimberly T. Thomason (THO186)
Attorneys for Defendant,
Durr Systems, Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL  35255-5727
Tel:   (205) 930-5100
Fax:   (205) 930-0101

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>November</u> <u>16th</u>, <u>2006</u>, I mailed via United States Mail and also electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas E. Hankins, Esq.
      Hankins & Conklin, P.C.
      Suite 5
      6812 North Oak Trafficway
      Gladstone, Missouri  64118-2587

      /s/ Christopher A. Bottcher
      _____
      Of Counsel