IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNE MARIE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv411-WHA |
| | ) | |
| DURR SYSTEMS, INC., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This case is before the court on Defendant's Motion to Strike Plaintiff's Disclosure (Doc. #18), together with responses and replies.

Section 8 of the Uniform Scheduling Order (Doc. #13) entered in this case on August 14, 2006 required disclosure by certain dates of the identity of any person who may be used at trial to present evidence under Fed. R. Evid. 701 (Opinion Testimony by Lay Witnesses) or Fed. R. Evid. 702 (Testimony by Experts), and further required the furnishing of reports as required by Rule 26(a)(2), Fed. R. Civ. P.

Rule 26(a)(2) requires written reports of Rule 702 expert witnesses who are "retained or specially employed to provide expert testimony in the case." The Rule's Advisory Committee Note states that "a treating physician, for example, can be deposed or called to testify at trial, without any requirement for a written report." Reports are not required of Rule 701 witnesses.

Therefore, all Rule 701 and 702 witnesses must be specifically identified by the date set in the scheduling order and reports must be submitted by Rule 702 experts to the extent required by Rule 26(a)(2).

Using this framework of analysis, the court finds first that the Motion is GRANTED as to any person not specifically named in the Plaintiff's disclosure, but referred to as unnamed "health care professionals," "other personnel," and the like.

Second, the Motion is DENIED as to any person specifically named who may give Rule 701 lay opinion testimony. Reports are not required of such witnesses, but such opinions may be discovered through interrogatories or depositions.

The extent to which a treating physician may testify to expert opinions without having given a Rule 26(a)(2) report has been addressed by many courts (*see* compilation at n.6 to §2031.1, Wright, Miller & Marcus, *Federal Practice and Procedure, Civil2d*, 2006 pocket part). Most courts are generally in agreement, and this court will follow the majority.

Merely designating a person as a "treating physician" does not open the door to the doctor giving any opinions whatsoever, without the necessity of first furnishing a Rule 26(a)(2)(B) report. Rule 26 focuses on the substance of the testimony, not merely on the status of the witness.

Testimony as to the care and the treatment of the patient by the witness, as well as diagnosis, prognosis, and cause of condition based on information necessarily learned during the course of treatment will be admitted without a report. This is because a treating physician may testify about that which is related to and learned through actual treatment of the plaintiff and which is based on his or her personal knowledge of the examination, diagnosis and treatment.

The treating physicians may not testify to matters learned outside the scope of treatment without having complied with Rule 26(a)(2)(B). This would include such things as opinion testimony based on requested review of records of other health care providers not reviewed for the purpose of treatment, opinions based on facts provided to the doctor by attorneys or others

which were not disclosed during care or treatment of the plaintiff, and the giving of opinions based on hypothetical questions.

Therefore, the Motion is DENIED to the extent that treating physicians will be allowed to testify as to opinions of causation, diagnosis and prognosis based on information disclosed during the care and treatment of the plaintiff. The Motion is GRANTED as to opinions which extend beyond that, unless there is first compliance with Rule 26(a)(2)(B). The Plaintiff is given **until December 8, 2006** to provide Defendant's counsel with reports fully complying with the Rule as to any such opinions.

This Order is limited to the issue of Rule 26 requirements, and does not necessarily exclude other objections which might be made by motions in limine as to admissibility of specific opinions.

Done this 21st day of November, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE