IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ANNE MARIE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-0411-SRW |
| | ) | |
| DURR SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DURR SYSTEMS, INC.'S
MOTION FOR FINAL SUMMARY JUDGMENT**

**INTRODUCTION**

Durr Systems, Inc. (*hereinafter referred to as "Durr"*) is entitled to final summary judgment on all of Plaintiff's claims against it. This case arises out of an accident that occurred on January 26, 2005 in a robotic paint booth at the Hyundai Motor Manufacturing Alabama plant in Montgomery, Alabama. (Plaintiff's Complaint, ¶ 6). At the time of her accident, Plaintiff was walking along a grated catwalk when she stepped into a hole where a large grate was missing. Plaintiff seeks damages for physical injuries she claims to have suffered as a result of this fall. (Plaintiff's Complaint, ¶ 6). Plaintiff's claim against Durr sounds in negligence. Because Plaintiff has failed to produce substantial evidence in support of each of the elements of her claim, Durr is entitled to final summary judgment on all of Plaintiff's claims against it.

## STATEMENT OF UNDISPUTED FACTS

1.     Plaintiff filed this suit invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as a result of a fall that resulted in injuries Plaintiff sustained on or about January 26, 2005. (Plaintiff's Complaint, ¶¶ 5 and 6)[1].

2.     Plaintiff is a freelance photographer who was working as an independent contractor photographing a robotic paint booth at the Hyundai Motor Manufacturing Alabama plan in Montgomery, Alabama at the time of her fall. (Plaintiff's Complaint, ¶ 6); (Exhibit A, p. 47, lines 17 through 23 attached).

3.     The robotic paint booth contained an elevated catwalk with a metal grated floor. On the date of Plaintiff's accident, one of the grates was missing. (Exhibit A, pp. 85, line 19, through 86, line 9 attached). The missing grate was five feet (5') long and over two feet (2') wide. (Exhibit B, ¶¶ 4 and 5 attached).

4.     Plaintiff entered the paint booth with the missing grate and took photographs in both directions prior to her fall. (Exhibit A, pp. 65, line 9, through 66, line 1 attached).

5.     When Plaintiff first entered the paint booth, the cars were not moving. (Exhibit A, p. 58, lines 6 through 12 attached).

6.     After Plaintiff made certain technical determinations, the cars started moving. (Exhibit A, pp. 58, line 18, through 59, line 21 attached).

7.     Plaintiff then followed a car moving away from her through the paint booth walking along the catwalk where the hole was located. She was facing in the direction of the

---

[1] Because this Court is exercising its diversity jurisdiction, the Erie Doctrine mandates the application of state substantive law and federal procedural law. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 2219 (1996).

hole, and photographing a car that was approximately ten feet (10') in front of her. (Exhibit A, pp. 80, line 1, through 81, line 20 and p. 87, lines 6 through 22 attached).

8.  Periodically, Plaintiff would pickup her tripod, move forward on the catwalk, set down the tripod, and take more photographs. (Exhibit A, p. 80, lines 1 through 18 attached).

9.  Nothing was obstructing Plaintiff's view of the hole as she followed and photographed the car in front of her. (Exhibit A, pp. 88, line 3, through 91, line 3 attached).

10.  On the third or fourth time Plaintiff set her tripod down, she believes that she set it down straddling the hole into which she stepped. (Exhibit A, pp. 80, line 1, through 83, line 8 attached).

11.  Plaintiff seeks damages for personal injuries she claims to have suffered as a result of this fall, and she asserts general negligence claims against Durr. (Plaintiff's Complaint, ¶¶ 6 through 12 attached).

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Because it is the party seeking summary judgment, Durr has borne the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of genuine issue of material fact. Id. at 323. Rule 56(e) requires Plaintiff to go beyond the pleadings and by its own Affidavits, or by the depositions, answers to interrogatories, and admissions on file, to designate specific facts showing that there is a genuine issue for trial. Id. at 324. A dispute is only genuine

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

I. **DURR DID NOT HAVE A DUTY TO PROTECT PLAINTIFF FROM A DANGER SHE WOULD HAVE DISCOVERED IF SHE HAD EXERCISED ORDINARY CARE.**

To survive judgment on her negligence claim, Plaintiff must prove the following elements:

1. that Durr owed her a duty;
2. that Durr breached that duty;
3. proximate causation; and
4. damage or injury.

Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994); Albert v. Hsu, 602 So.2d 895, 897 (Ala. 1992). The determination of whether Durr owed Plaintiff a duty is strictly a question of law for this Court to decide. RaCON v. Tuscaloosa County [Ms 1031512, July 28, 2006] ____ So.2d ____ (Ala. 2006). Because Plaintiff was invited onto Durr's premises for commercial purposes, she was an invitee and Durr was not an insurer of her safety. Ex parte Mountaintop Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala. 1997). There is no presumption of negligence that arises from the mere fact that Plaintiff was injured. Jones Food Co., Inc. v. Shipman, ____ So.2d ____, 2006 WL 3718254 at 5 (Ala.) (citing Great Atlantic and Pacific Tea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177 (1958). There is no dispute that Plaintiff was working as an independent contractor at the time of her fall. (Exhibit A, p.47, lines 17 through 23).

In <u>Sessions v. Nonnenmann</u>, 842 So.2d 649, 651-652 (Ala. 2002), the Alabama Supreme Court discussed the common law duty an invitor owes to an independent contractor. Specifically, the Court stated that:

> ... [the invitor] is not responsible to [the contractor] for injury from defects or dangers which the [contractor] knows of, or ought to know of. ... **The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the [invitor] is under no duty to alter the premises so as to [alleviate] known and obvious dangers. ... The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as with when the danger is obvious, the invitor cannot be held liable. ... A Plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises. ...**

<u>Id.</u> [*emphasis added*] (quoting <u>Breeden v. Hardee Corp.</u>, 562 So.2d 159, 160 (Ala. 1990).).

The Alabama Supreme Court uses an objective standard to assess whether a hazard is open and obvious. <u>Jones Food Co.</u>, 2006 WL 3718254 at 6. The Alabama Supreme Court focuses its inquiry on whether the danger should have been observed, not whether the injured party consciously appreciated it. <u>Id.</u> Specifically, the <u>Sessions Court</u> held as follows:

> [In] order for a defendant/invitor in a premises/liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a duty on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff/invitee consciously appreciated the danger at the moment of the mishap. While <u>Breeden</u> does recite that 'all ordinary risks present are assumed by the invitee' 562 So.2d at 160, this recitation cannot mean that the invitor's duty before a mishap is determined by the invitee's subjective state-of-mind at the moment of the mishap. This Court has expressly denied the notion that an invitor owes a duty to eliminate open and obvious hazards, or to warn the invitee about them if the invitor 'should anticipate the harm despite such knowledge or obviousness. <u>Ex Parte Goldkist, Inc.</u>, 686 So.2d 260, 261 (Ala. 1996).

Sessions, 842 So.2d at 653-654.

Durr is entitled to a final summary judgment on all of Plaintiff's claims against it, because Plaintiff cannot establish that Durr owed her a duty to protect her from the danger of falling into a large hole that was in plain view at the time Plaintiff stepped into it. Plaintiff stepped into a hole that was five feet (5') long and over two feet (2') wide. (Exhibit "B", ¶ 4, *attached*). Plaintiff has failed to produce substantial evidence that this large hole was hidden, or one that she would not have noticed if she had been exercising ordinary care. Ex Parte Meadowcraft Industries, Inc., 817 So.2d 702, 707 (Ala. 2001). In fact, the undisputed testimony before this Court indicates that Plaintiff spent time photographing the booth where the hole was located prior to her injury from both directions and that nothing obstructed her view of the hole. (Exhibit A, pp.65, line 9, through 66, line 1, and pp. 88, line 3, through 91, line 3 attached). She then walked along the catwalk where the hole was located, looking in the direction of the hole, while she photographed a car that was approximately ten feet (10') in front of her. (Exhibit A, pp. 80, line 1, through 81, line 20 and p. 87, lines 6 through 22). Eventually, Plaintiff stepped into this large hole. (Exhibit A, pp. 80, line 19, through 81, line 8 and p. 83, lines 17 through 20). Nothing in Plaintiff's testimony constitutes substantial evidence that an ordinary person exercising reasonable care would not have been able to avoid the dangers presented by this obvious risk. Consequently, Durr is entitled to summary judgment on all of Plaintiff's claims against it because it did not owe Plaintiff a duty to protect her from stepping into this large hole.

II.  **DURR DID NOT HAVE A DUTY TO PROTECT PLAINTIFF FROM OPEN AND OBVIOUS DANGERS.**

   A.  **Plaintiff Was An Invitee Who Ought To Have Known About The Dangers Associated With Stepping Into A Large Hole.**

Plaintiff was Durr's invitee on the date of her accident. Alabama law defines an invitee as:

> ... a person who enters and remains upon the premises of another at the express or implied invitation of the owner or occupant and for a purpose in which the owner or the occupant of the premises has a beneficial interest.

Gulf Shores Marine Industries, Inc. v. Eastburn, 681 So.2d at 230, 231 (Ala. Civ. App. 1996). Plaintiff was an independent contractor Durr hired to photograph Durr's operations at the Hyundai plant in Montgomery, Alabama. (Exhibit A, p. 47, lines 17 through 23 attached). Although the parties did schedule certain shots the Plaintiff was to take, Durr did not control the manner in which Plaintiff worked. (Exhibit A, p. 59, lines 4 through 9 attached).

Durr has not breached a duty of care to Plaintiff, because Plaintiff should have known about the obvious dangers associated with stepping into a hole. The Alabama Supreme Court has specifically addressed the duty of care that operators such as Durr owe to independent contractors and held as follows:

> ... an owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury.

Ex Parte Meadowcraft Industries, Inc., 817 So.2d 702, 707 (Ala. 2001). (quoting Crawford Johnson Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966)). Consequently, Plaintiff must present substantial evidence of three (3) elements to survive summary judgment: (1) that the

defect or danger was "hidden"; (2) that it was known to Durr; and (3) that it was neither known to Plaintiff, nor such as Plaintiff should have known. Ex Parte Meadowcraft Industries, Inc., 817 So.2d at 707; Glenn v. United States Steele Corp., Inc., 423 So.2d 152, 154 (Ala. 1982).

    B.    **Durr Is Entitled To Summary Judgment On All Of Plaintiff's Claims Against It Because Plaintiff Has Not Produced Substantial Evidence That The Hole At Issue Was "Hidden".**

The hole Plaintiff fell into was open and obvious to any reasonably prudent observer. Plaintiff fell into this hole after being in the paint booth for some time, and after having already photographed the line on which the hole was located. This hole was on the catwalk Plaintiff was standing on, and was in her line-of-sight. Nothing obstructed her view of the hole. (Exhibit A, pp. 88, line 3, through 91, line 3 attached). Finally, this hole was five feet (5') long, and more than two feet (2') wide. (Exhibit B, ¶ 4 attached).

Under Alabama law, the test for determining whether a defect is "obvious" is an objective one. Shows v. Mayfield Oil Co., Inc., 743 So.2d 465, 467 (Ala. Civ. App. 1999). A defect is obvious if its condition and risks are apparent to, and would be recognized by, a reasonable person in an invitee's position. Id. Therefore, to survive summary judgment, Plaintiff must produce substantial evidence that a five foot (5') long, two foot (2') wide hole located ten feet (10') in front of her presented a "hidden" danger that would not have been obvious to a reasonable person. Id.

A reasonably prudent person would have noticed the hole. Upon first entering the paint booth, Plaintiff photographed the line the hole was on from both directions. (Exhibit A, pp. 65, line 20, through 66, Line 1 attached). These photographs gave Plaintiff a perfect opportunity to notice the large hole on the catwalk on which she was standing. (Exhibit B, ¶ 4 attached). The cars were not moving when Plaintiff first entered the paint booth. (Exhibit A, p. 58, lines 6

through 12 attached). The cars started moving after Plaintiff made certain technical determinations. (Exhibit A, pp. 58, line 18, through 59, line 21 attached).

A car that was behind Plaintiff moved past her before she setup her tripod on the catwalk. (Exhibit A, pp. 75, line 23, through 76, line 3 attached). Plaintiff then followed the car moving away from her through the paint booth. As Plaintiff walked along the catwalk behind the car, she photographed it. (Exhibit A, p. 80, lines 1 through 8 attached). Periodically, Plaintiff would pickup her tripod, move forward on the catwalk, set down the tripod, and take more photographs. (Exhibit A, p. 80, lines 1 through 18 attached). Plaintiff was following car she was photographing at a distance of about ten feet (10'). (Exhibit A, p. 87, lines 18 through 22 attached). There was nothing obstructing Plaintiff's view of the large hole at that time. (Exhibit A, pp. 88, line 3, through 91, line 3 attached). On the third or fourth time Plaintiff set her tripod down, she believes she set it down straddling the hole into which she fell. (Exhibit A, pp. 80, line 1, through 83, line 8 attached).

Plaintiff claims she fell onto her tripod. (Exhibit A, p. 98, lines 5 through 18 attached). She claims her hand was smashed when her camera fell on it. (Exhibit A, p. 99, lines 3 through 12 attached). Plaintiff testified that she did not fall into the hole, but onto the side rail to the hole. (Exhibit A, pp. 99, line 19, through 100, line 22 attached).

This undisputed testimony confirms that Durr is entitled to summary judgment on Plaintiff's claims against it. Plaintiff had ample time and opportunity to observe the large hole she stepped into. Therefore, her claims against Durr are barred as a matter of law.

### III. DURR IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S CLAIMS AGAINST IT BECAUSE PLAINTIFF'S OWN NEGLIGENCE CONTRIBUTED TO HER INJURIES.

In Alabama, contributory negligence is an affirmative and complete defense to claims sounding in negligence. Serio v. Merrell, Inc., 941 So.2d 960, 964 (Ala. 2006). Although

contributory negligence is normally a question for the jury to resolve, it can be found as a matter of law if the facts are such that all reasonable people would logically have to reach the conclusion that Plaintiff was contributorily negligent. Id. (citing Knight v. Seale, 530 So.2d 821, 824 (Ala. 1998); Knight v. Alabama Power Co., 580 So.2d 576 (Ala. 1991); Ex Parte Indoor Flea Market, Inc., 699 So.2d 158 (Ala. 1997); Ridgeway v. CSX Transportation, Inc., 723 So.2d 600, 607 (Ala. 1998)).

In Serio v. Merrell, Inc., the Alabama Supreme Court discussed the defense of contributory negligence. Serio, 941 So.2d at 964-965. The Court held that the burden of proving that the plaintiff was contributorily negligent requires evidence that the plaintiff: (1) had knowledge of the dangerous condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care by placing herself in the way of danger. Id. The plaintiff in Serio had pulled into an intersection in front of a large truck that collided with her. Id. She admitted that there was no reason she could not have seen the tractor trailer before she pulled into the intersection. Id. at 965. The Court held that:

> [d]irect evidence of such an appreciation of danger is not required if the evidence admits of no conclusion except that the plaintiff must have appreciated the hazard involved. It is enough if the plaintiff understood, or should have understood, the danger posed.

Id. at 965. Because it concluded that the danger of pulling into an intersection in front of a large truck was "self-evident", and that the plaintiff could have seen the vehicle if she had been exercising ordinary care, the Court held that her contributory negligence entitled the defendant to summary judgment on her negligence claim. Id. at 965-966.

This Court should follow the Alabama Supreme Court's holding in Serio, and grant Durr's Motion for final summary judgment. The dangers associated with falling into a large hole are self-evident. Like the plaintiff in Serio, Plaintiff has testified that there was nothing

obstructing her view of the large hole she stepped into in January 2005. (Exhibit A, pp. 88, line 3, through 91, line 3 attached). Plaintiff has not produced substantial evidence that would explain why she was unable to avoid her injuries through the exercise of reasonable care. Consequently, Durr is entitled to summary judgment on all of Plaintiff's claims against it.

## CONCLUSION

Durr did not owe Plaintiff a duty to protect her from dangers of which she should have been aware through the exercise of ordinary care. Because the danger of falling into a hole is open, obvious, and self-evident, Plaintiff should have been able to avoid injury. Finally, Plaintiff's failure to exercise reasonable care contributed to her injury and bars her recovery.

WHEREFORE, Durr Systems, Inc., respectfully moves this Court to enter an Order granting it a final summary judgment on all of Plaintiff's claims against it.

Respectfully submitted,

s/James B. Carlson
James B. Carlson
Christopher A. Bottcher
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335
E-mail: jcarlson@sirote.com
E-mail: cbottcher@sirote.com

Attorneys for Defendant
Durr Systems, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas E. Hankins
Hankins & Conklin, P.C.
6812 North Oak Trafficway, Suite 5
Gladstone, MO 64118
Telephone: 816-436-3100
Facsimile: 816-436-8643
Email: tomhankinslaw@cs.com
*Attorney for Plaintiff, Anne Marie Hunter*

                                      s/James B. Carlson
                                      Of Counsel