IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANNE MARIE HUNTER,

Plaintiff,

v.

CIVIL ACTION NO. 2:06cv411-WHA

DURR SYSTEMS, INC.,

(WO)

Defendant.

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #30) filed by Defendant Durr Systems, Inc. ("Durr") on March 1, 2007. The Plaintiff, Anne Marie Hunter ("Hunter"), originally filed a Complaint (Doc. #1) in this court alleging diversity of citizenship as grounds for subject matter jurisdiction under 28 U.S.C. §1332. The court finds that such jurisdiction does exist. The Complaint avers that Hunter suffered various injuries as a result of the negligence of Durr, specifically (1) Durr's failure to use ordinary care in barricading a dangerous condition and (2) Durr's failure to use ordinary care to warn of a dangerous condition.

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

**II. SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

This action arises from an accident occurring at the Hyundai Motor Manufacturing plant in Montgomery, Alabama. Hunter is a freelance photographer. At the time of the accident, she was acting as an independent contractor hired by Durr to take photographs in a robotic paint booth owned and operated by Durr at the plant. This particular robotic paint booth maintains an elevated walkway with a metal grated floor. One of the grates in the walkway was missing on the day Hunter photographed the robotic paint booth, having been removed by a Durr employee. This grate was approximately 4 feet in length by 2 feet in width. During the photo session, Hunter fell into the hole created by the missing grate. As a result, she sustained various physical injuries, causing pain and suffering, loss of mobility, medical expenses and an inability to continue performing services as a freelance photographer.

**IV. DISCUSSION**

Hunter's claim is one of negligence. To recover, Hunter must prove that (1) Durr owed her a duty of care, (2) Durr breached that duty of care, (3) she suffered a loss or injury, and (4) Durr's negligence was the actual and proximate cause of the plaintiff's loss or injury. *See Lollar v. Poe*, 622 So. 2d 902, 905 (Ala. 1993); *see also Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994); *John R. Cowley & Bros., Inc. v. Brown*, 569 So. 2d 375, 379 (Ala. 1990). In the present case, Durr argues that summary judgment is appropriate because it owed no duty to protect Hunter from a dangerous condition that was open and obvious. Additionally, Durr argues that summary judgment is appropriate because Hunter's own

negligence contributed to her injuries. The court will address each of these two arguments separately.

**A. *Duty of Care Owed to Hunter***

Both parties agree that Hunter was on Durr's premises for the express purpose of photographing the plant's robotic paint booths, as she had been hired on an independent contractor basis to do so. Under Alabama law, a person who enters property with consent in order to bestow some material or commercial benefit upon the owner or occupier is considered an invitee. *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997); *Hambright v. First Baptist Church-Eastwood*, 638 So. 2d 865, 868 (Ala. 1994). Accordingly, the court considers the Plaintiff an invitee for purposes of premises liability.[1]

---

[1] It should be noted that the Alabama Supreme Court has discussed the duty of care in the specific context involving an invitor and an independent contractor. Regarding the duty of care owed to independent contractors, the court notes that:

> [A]n owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury.

*Ex parte Meadowcraft Indus.*, Inc., 817 So.2d 702, 706 (Ala.. 2001) (citing *Crawford Johnson & Co. v. Duffner*, 189 So. 2d 474, 480 (Ala. 1966)). This duty of care is identical to that owed by an invitor to an invitee. Simply, an independent contractor is an invitee under the law's definition.

Because the invitor and invitee relationship is more prevalent in case law than the invitor and independent contractor relationship, the court will discuss the present case using the invitor and invitee terminology, so as to forestall any confusion. Use of this terminology has no effect on the end result.

An invitor owes a duty of care to an invitee to "'use reasonable care and diligence to keep the premises in a safe condition or, if the premises [are] in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care.'" *Woodward v. Health Care Auth. of the City of Huntsville*, 727 So. 2d 814, 816 (Ala. Civ. App. 1998) (quoting *Boudousquie v. Marriott Mgmt. Servs., Corp.*, 889 So. 2d 998, 1000 (Ala. Civ. App. 1995)). This duty is limited, however, to hidden defects; if a dangerous condition is open and obvious so that the invitee should be aware of it though the exercise of reasonable care, then the owner or occupier of the premises has no duty to warn the invitee. *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1054-55 (Ala. 2003); *Ex parte Mountain Top Indoor Flea Mkt., Inc.*, 699 So. 2d 158, 161 (Ala. 1997). "A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee." *Douglas v. Devonshire Apartments, L.L.C.*, 833 So.2d 72, 74 -75 (Ala. Civ. App. 2002).

Alabama law recognizes that "[t]he question of whether a danger is open and obvious is generally one of fact." *Howard v. Andy's Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000). Specifically, the Alabama Supreme Court has stated:

> [S]ummary judgment is proper on the issue of whether a defect was open or obvious when the undisputed evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger. However, when the evidence is disputed, 'questions of open and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment.'

*Harding v. Pierce Hardy Real Estate*, 628 So. 2d 461, 463 (Ala. 1993) (quoting *Harvell v. Johnson*, 598 So. 2d 881, 883 (Ala. 1992)). Accordingly, unless the facts indisputably demonstrate that a danger was open and obvious, summary judgment is not appropriate.

In the present case, Durr argues that the hole in the walkway created by the missing grate, through which Hunter fell, was open and obvious to any reasonably prudent person. Durr maintains that, as Hunter proceeded along the walkway taking pictures, nothing obstructed her view of the large hole. Hunter's response, coupled with the submitted evidentiary support, however, tells the story differently.

According to Hunter, when she entered the paint booth, the missing grate was not obvious because a skid, carrying a car body, was covering the missing grate. Hunter Affidavit, Doc. # 35-9, ¶1, ¶3, ¶6a. Hunter took pictures in both directions prior to the activation of the paint booth facilities. Hunter Deposition, Doc. # 32-3, pp.65-66. Once Durr's employee activated the booth, the car body concealing the missing grate moved forward, and Hunter followed the car body taking photographs of the robotic paint booth ahead of her. Hunter Affidavit at ¶6. The car body continued initially to conceal the missing grate area, however, because the length of the car body was much longer than the length of the missing grate. *Id.* Hunter proceeded taking pictures, following the car in front of her and resetting her tripod as she went along. *Id.* Once the robotic paint booth was activated, things moved very quickly. *Id.* Another car on the assembly line followed Hunter, so she had to continue moving forward. *Id.* The robotic arms began swinging and spraying paint, and Hunter was focused on those robotic arms, because that is what she had been hired to photograph and because she had been warned that the robotic arms moved fast and could be

dangerous. *Id.* She did not see the missing grate in the floor of the walkway before she fell. *Id.* at ¶1.

According to Hunter's version of the facts, her focus remained on taking pictures of the robotic paint booth. She did not look for missing grates in the walkway, because the Durr employee did not tell her that he had removed a grate, and because she had no reason to believe that any danger existed there. As a result, the missing grate was not an open and obvious danger to her. The court finds that analogous case law is instructive regarding this issue.

In *Wiliams v. Bruno's, Inc.*, 632 So. 2d 19 (Ala. 1993), a plaintiff sued on a theory of negligence after tripping over several "strips" protruding out from the bottom of grocery shelves. *Id.* at 20. The trial court granted summary judgment in favor of the defendants, and the plaintiff appealed to the Alabama Supreme Court. *Id.* at 19-20. The defendants argued that the plaintiff's testimony, even taken in a light most favorable to the plaintiff, indicated that the strips were open and obvious. *Id.* at 20-21. When the plaintiff was asked why he did not see the strips on the floor of the store if he had been watching where he was going, the plaintiff testified that he was not looking at the floor because he was there to shop. *Id.* at 22. The Alabama Supreme Court concluded that one could reasonably infer from the testimony that the plaintiff was focusing his attention on the shelves, not looking where he was going. *Id.* The court, therefore, held that the plaintiff's testimony did not definitively establish that the danger was open and obvious, and the court reversed the grant of summary judgment. *Id.*

Similarly, in the present case, drawing all reasonable inferences in favor of the non-movant, the court cannot grant summary judgment in favor of Durr simply because Hunter could

have seen the missing grate if she had been looking at the walkway. Hunter was hired to take pictures of the robotic arms of the paint booth. In doing so, her focus was on that portion of the paint booth. Once the booth was activated, she followed the car that initially covered the missing grate and maintained her focus on the robotic arms. Just as the *Williams* court found that protruding strips on the floor of a grocery store were not definitively open and obvious where the shopper's focus was on the shelves instead of the walkway, this court believes that a jury potentially could find that the missing grate was not open and obvious because Hunter was focused on photographing the robotic arms instead of the walkway.

Another analogous case is *Ballard v. Krystal Restaurant*, No. 2:04-CV-697-F, 2005 WL 2647911 (M.D. Ala. Oct. 17, 2005). In *Ballard*, applying Alabama law, the court determined that a hole in a parking lot of a restaurant was not an open and obvious danger because the plaintiff was "confronted with the primary responsibility of protecting herself from oncoming traffic as she crossed the drive though lane and was unable to perceive the danger presented by the hole." *Id.* at *3. The court, therefore, denied the motion for summary judgment. *Id.*

Similarly, in the present case according to Hunter, an employee of Durr warned Hunter to be careful of the robotic arms because they move fast and are dangerous. *See* Welch Deposition, Doc. # 35-3, p. 8. The Plaintiff further indicated in her deposition testimony that she "was looking ahead, forward" at the robotic arms when she fell through the hole created by the missing grate. Hunter Deposition, p. 91. Thus, just as the *Ballard* court found that a hole was not an open and obvious danger because the plaintiff's focus was on another potentially hazardous situation, this court believes that a jury potentially could find that the missing grate

was not open and obvious because Hunter was focused on the robotic arms of the paint booth, an area which Durr's employee had described as dangerous.

Viewing the facts of this case in a light most favorable to Hunter, the court finds that there is a question of material fact with regard to whether a reasonably prudent person in Hunter's position would have recognized the danger of the missing grate. The aforementioned case law indicates that a dangerous condition in a walkway is not open and obvious merely because a plaintiff could have seen it if she were looking at the walkway. Instead, where a plaintiff is distracted because her intended focus is elsewhere or because a separate and distinct dangerous condition is present, a jury may reasonably conclude that the dangerous condition is not open and obvious. Accordingly, the court finds that the evidence submitted by the Plaintiff in this case sufficiently raises a question of material fact as to whether the missing grate qualifies as an open and obvious dangerous condition, and it is inappropriate for the court to grant summary judgment on the basis that Durr owed no duty of care to Hunter. The Defendant's Motion for Summary Judgment on that basis, therefore, is due to be DENIED.

**B. *Contributory Negligence***

Durr also argues that summary judgment is appropriate because Hunter's contributory negligence provides a complete defense to her claims. Alabama law regarding contributory negligence is well-settled. In order to prove contributory negligence, there must be evidence that (1) the plaintiff had knowledge of a dangerous condition, (2) the plaintiff had an appreciation of the surrounding circumstances, and (3) the plaintiff failed to exercise reasonable care by placing himself in the way of danger. *Serio v. Merrell*, 941 So. 2d 960, 964 (Ala. 2006); *Knight v.*

*Alabama Power Co.*, 580 So. 2d 576, 577-78 (Ala. 1991); *Brown v. Piggly-Wiggly Stores*, 454 So. 2d 1370, 1372 (Ala. 1984).

Under this framework, Durr's argument fails because the facts, when viewed in a light favorable to Hunter, indicate that Hunter was unaware of the danger posed by the missing grate. In her affidavit, Hunter expressly states that she did not know that there was a missing grate until she fell through the opening. Hunter Affidavit, ¶1. Additionally, the depositions of the two employees of Durr who worked with Hunter during the photo session indicate that they had not warned Hunter of the missing grate. *See* Rathsack Deposition, Doc. # 35-4, p. 15; Welsch Deposition, Doc. # 35-3, p. 9. Therefore, Durr has presented no evidence that Hunter had actual knowledge of the dangerous condition. Moreover, as noted in the previous discussion regarding Durr's duty of care, a question of fact exists regarding whether the missing grate was open and obvious. As a result, Durr's contention that Hunter had constructive knowledge of the danger, or should have recognized the danger, also is insufficient. Because Durr cannot satisfy the first prong of the test for contributory negligence at this time, a genuine issue of material fact exists for a jury to determine. Therefore, the Defendant's Motion for Summary Judgment on the basis of contributory negligence is due to be DENIED.

## V. CONCLUSION

Based on the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Doc. #30) is DENIED.

Done this 24th day of April, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE